IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00219-BNB

GABRIEL DOMINGUEZ FLORES,

    Applicant,

v.

JOSE ROMERO, CNMCF Warden,

    Respondent.

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCY

Applicant Gabriel Dominguez Flores alleges that he currently is incarcerated in Los Lunas, New Mexico. He has submitted *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). The Court must construe the habeas corpus application liberally because Mr. Flores is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Flores will be ordered to file an amended application.

Mr. Flores appears to be challenging the validity of his New Mexico state conviction. Therefore, the Court is confused as to why Mr. Flores has submitted to this Court a habeas corpus application attacking an out-of-state conviction. In any case, claims asserted by a state prisoner who is challenging the execution of a sentence, rather than the validity of a conviction and/or sentence, properly are brought under 28

U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). However, because Mr. Flores' claims challenge the validity of his conviction and sentence rather than the execution of his sentence, his claims properly should be asserted pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). The clerk of the Court will be directed to mail to Mr. Flores the appropriate form for asserting § 2254 habeas corpus claims.

Mr. Flores is reminded that an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that Applicant Gabriel Flores cure the deficiency designated above **within thirty (30) days from the date of this order**. Any papers which Mr. Flores files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Flores, together with a copy of this order, two copies of the following form for use in submitted the amended habeas corpus application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Flores to cure the designated deficiency **within thirty (30) days from the date of this order**, the 28 U.S.C. § 2241 application will be denied and the action will be dismissed without further notice.

DATED March 23, 2006, at Denver, Colorado.

            BY THE COURT:

            s/ Boyd N. Boland
            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00219-BNB

Gabriel Flores
Prisoner No. 57704
CNMCF – 1A-A109
PO Box 1328
Los Lunas, NM 870031

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on  3-23-06 

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk